UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARK STEVEN BOYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:12-CV-174-RLM-RBC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

OPINION and ORDER

This matter is before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted filed by defendant Michael J. Astrue, Commissioner of Social Security. Plaintiff Mark Steven Boyer's complaint seeks judicial review, under 42 U.S.C. § 405(g), of the Commissioner's final decision denying his application for social security disability benefits. The Commissioner moves to dismiss the complaint as untimely filed. Mr. Boyer opposes the motion.

A court evaluating a Rule 12(b)(6) motion to dismiss must interpret the complaint's well pleaded allegations to be true and draw all inferences in the non-moving party's favor. In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009). Because Mr. Boyer is not represented by an attorney, the court must construe his complaint liberally and hold his pleadings to a less stringent standard. Henderson v. Sheahan, 196 F.3d 839, 845-846 (7th Cir. 1999)

(quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Dismissal on Rule 12(b)(6) grounds is only appropriate for a complaint "if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Even when generously construed, a *pro se* pleading may itself show that dismissal is warranted. Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) ("[A] *pro se* complainant can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint.").

Mr. Boyer's complaint doesn't contain the information the court needs to evaluate the Commissioner's motion to dismiss. When a defendant files pertinent documents with a motion to dismiss, the documents "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). Accordingly, the court may appropriately consider the Notice of Appeals Council Action (Doc. No. 15, at 31-33) presumably sent to Mr. Boyer and submitted by the Commissioner with its motion to dismiss.[1] Mr. Boyer's complaint directly references that the Appeals

---

[1] The Commissioner filed a thirty-six page document following its amended motion to dismiss that contains copies of various documents related to Mr. Boyer's claim. The Commissioner's document has no table of contents or index and only two of the documents are labeled as exhibits by a handwritten notation at the bottom of what the court assumes to be the first page of those exhibits. The court will only consider Exhibit 2 (Doc. No. 15, at 31-33) for the purpose of evaluating the Commissioner's motion to dismiss. Exhibit 1, the ALJ's decision, may be appropriately considered by the court under the standard outlined in Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993), but the court doesn't need the ALJ's decision to assess the Commissioner's argument that Mr. Boyer's complaint was untimely filed. The court doesn't find Exhibit 1 or the affidavit located before the exhibits in the document to be a part of the pleadings.

Council denied his application for social security disability benefits. Mr. Boyer's complaint seeks review of the Appeals Council's decision to uphold the ALJ's conclusion that Mr. Boyer was not disabled, so that decision is central to his claim. The Appeals Council's decision further establishes that the Commissioner has issued a final decision regarding Mr. Boyer's application – a prerequisite for Mr. Boyer's claim to be properly before the court. 42 U.S.C. § 405(g)-(h).

Mr. Boyer filed applications for disability insurance benefits and supplemental security income in July 2009.[2] On August 30, 2011, the Administrative Law Judge issued a decision concluding that Mr. Boyer was not disabled and denying his claims for benefits. On March 21, 2012, the Appeals Council denied Mr. Boyer's request for review of the ALJ's decision.[3] The Appeals Council's decision to deny an individual's request for review of the ALJ's decision is a final decision of the Commissioner, 20 C.F.R. § 404.981, and subject to judicial review under 42 U.S.C. § 405(g).

The Commissioner argues that Mr. Boyer's suit is untimely because his complaint was filed on May 29, 2012. An individual must commence a civil

---

[2] The background facts were taken from the ALJ's decision, Exhibit 1 (Doc. No. 15, at 6-23), submitted with the Commissioner's motion to dismiss. The court may properly consider the document because Mr. Boyer references exhausting his administrative remedies in his complaint, of which the ALJ's decision is a fundamental component. Mr. Boyer's complaint seeks review of the Appeals Council's decision that upheld the ALJ's decision, so the ALJ's decision is central to his claim. *See* Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). The exhibit is not necessary for the court's review of the Commissioner's argument regarding the timeliness of Mr. Boyer's complaint, and so it is consulted only for general background information.

[3] Mr. Boyer's complaint mistakenly states March 13, 2012 was the date of the Appeals Council decision. The court will rely on the later date, March 21, 2012, that is more favorable to Mr. Boyer and is the date found on the copy of the Appeals Council decision provided by the Commissioner.

action "within sixty days after the mailing to him of notice of [the Commissioner's final] decision." 42 U.S.C. § 405(g). The sixty day time period begins when the person receives the notice. 20 C.F.R. §§ 404.981, 422.210(c). The date of receipt is presumed to be five days after the date on the notice. 20 C.F.R. §§ 404.901, 422.210(c). A person can overcome the five day presumption by a reasonable showing that the notice was received on a different date, 20 C.F.R. §§ 404.901, 422.210(c), but Mr. Boyer offers no evidence of the date he actually received the notice. *See* Krontz v. Astrue, No. 1:07-CV-303, 2008 WL 2518624, at *3 (N.D. Ind. June 20, 2008) (copy of fax the individual sent to the Commissioner inquiring about her request for an extension of time to file was sufficient evidence to rebut the presumption that she had received the notice of extension five days after it was dated).

Mr. Boyer's Notice of Appeals Council Action was dated March 21, 2012, and the end of the 65-day period in which Mr. Boyer could file his civil action was Friday, May 25, 2012. The court was closed Saturday and Sunday, May 26-27, 2012, as well as Monday, May 28, for the Memorial Day holiday. *See* 5 U.S.C. § 6103. Mr. Boyer's civil suit was filed at 12:08 p.m. on Tuesday, May 29, 2012 – essentially one day late.

The sixty day time period is a statute of limitations. Loyd v. Sullivan, 882 F.2d 218, 219 (7th Cir. 1989) (citing Bowen v. City of New York, 476 U.S. 467, 479 (1986)). With a showing of good cause, an individual can request an extension of time to file the civil action from the Appeals Council. *See* 20 C.F.R. §§ 404.911 (factors the Appeals Council utilizes to evaluate whether good cause

for missing a filing deadline exists and examples of circumstances that may create good cause), 404.982; Bowen v. City of New York, 476 U.S. 467, 480 (1986) ("Congress has authorized the [Commissioner] to toll the 60-day limit"). Mr. Boyer offers no evidence that he either requested or was granted such an extension of time.

A court can toll the statute of limitations "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" Bowen v. City of New York, 476 U.S. 467, 480 (1986) (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)). Equitable tolling is proper if the plaintiff diligently pursued his rights and extraordinary circumstances beyond his control prevented him from timely filing his complaint. Lee v. Cook Cnty., Ill., 635 F.3d 969, 972 (7th Cir. 2011) (quoting Holland v. Florida, 130 S. Ct. 2549, 2562 (2010)).

Mr. Boyer claims that he mailed his complaint on Thursday, May 24, 2012, a date he thought would allow enough time for the complaint to arrive and be filed at the court the next day because he mailed the complaint in the city where the court is located. Even though the complaint was mailed in the same city, it isn't remarkable that it didn't arrive at the clerk's office the next day, but any delay caused by the postal service is not an extraordinary circumstance out of Mr. Boyer's control. Mr. Boyer chose to mail the complaint the day before the filing deadline.

Mr. Boyer reports that he waited for a decision from an attorney on whether the attorney was willing to proceed with the case and that he also had

a death in the family eleven days before the filing deadline. The court recognizes that waiting for legal advice could affect Mr. Boyer's approach to filing his claim, and the court sympathizes with Mr. Boyer's loss of his grandfather shortly before the filing deadline (which might well divert one's attention from pursing an appeal). Those events were out of Mr. Boyer's control and were legitimate obstacles to overcome when faced with a deadline. Nevertheless, Mr. Boyer's circumstances are not extraordinary, and those events ultimately didn't prevent Mr. Boyer from filing his claim on time.

The sixty day statute of limitations "is a condition on the waiver of sovereign immunity and thus must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479 (1986). "Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000). The reasons for Mr. Boyer's delay don't warrant equitable tolling of the statute of limitations.

Equitable tolling also is appropriate when "the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights." Bowen v. City of New York, 476 U.S. 467, 481 (1986) (quoting City of New York v. Heckler, 742 F.2d 729, 738 (2d Cir. 1984)); *See also* Carroll v. Astrue, No. 3:09-CV-00515, 2010 WL 2133866, at *3 (N.D. Ind. May 24, 2010) (Tolling appropriate when individual allegedly requested an extension via telephone during the sixty day period and was told by a Social Security official that the Appeals Council

was reviewing her request.); Sanchez v. Barnhart, No. 03-C-537-C, 2004 WL 1005589, at *2 (W.D. Wis. May 4, 2004) (Tolling appropriate when individual allegedly requested an extension from the Appeals Council.).

Mr. Boyer believed he would have five days beyond the filing deadline to allow for mail service, much like the five days built into the time period for the individual to receive the notice of the Appeals Council decision. In his response to the Commissioner's motion to dismiss, Mr. Boyer claims an unidentified person told him there was a five day grace period to allow for mail service. Later in the response, Mr. Boyer says that he "inadvertently thought [he] would have 5 days mail allowance from each way, to us AND from us to you." Assuming both statements are true and inferring everything possible in favor of Mr. Boyer, the statements aren't evidence that a SSA official or employee misinformed Mr. Boyer about the filing deadline. Even construing Mr. Boyer's response liberally, he doesn't allege secretive conduct by the government that prevented him from timely filing his complaint and that would merit tolling the sixty day period.

For these reasons, the court concludes that Mr. Boyer's complaint was untimely filed and, so, GRANTS the Commissioner's Rule 12(b)(6) motion to dismiss (Doc. No. 14) for failure to state a claim upon which relief may be granted.

SO ORDERED.

ENTERED: December 5, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court